United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

Benjamin W.,[1]
Plaintiff,
v.
SSA COMMISSIONER, et al.,
Defendants.

Case No. 25-cv-10009-RMI

**ORDER RESOLVING SOCIAL SECURITY APPEAL**

Re: Dkt. Nos. 15, 19

Plaintiff seeks judicial review of an administrative law judge ("ALJ") decision finding that he was not disabled under Titles II and XVI of the Social Security Act. *See* Admin. Rec. ("AR") 14.[2] The Social Security Administration's Appeals Council declined to review the ALJ's decision. *Id.* 1. As such, the ALJ's decision is a "final decision" of the Commissioner of Social Security, reviewable by this court. 42 U.S.C. § 405(g). Both parties have consented to the jurisdiction of a magistrate judge. Dkt. Nos. 8, 9. And both have filed briefs. Dkt. Nos. 15, 19, 20.

For the reasons stated below, the decision of the ALJ is **REVERSED** and **REMANDED** for further administrative proceedings in accordance with this Order.

## I. FACTS & BACKGROUND

Plaintiff applied for Title II disability insurance benefits in November 2022 and for Title XIV supplemental security income in December 2022, alleging an onset date of March 1, 2019. AR

[1] Pursuant to the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States, Plaintiff's name is partially redacted.

[2] The Administrative Record ("AR"), which is independently paginated, has been filed in nine attachments to Docket Entry #12. *See* Dkts. 12-1 through 12-9.

230, 237. He alleges disability due to ADHD, PTSD, anxiety, depression, in addition to dyslexia and dysgraphia. AR 75. His applications were denied initially on May 18, 2023, and upon reconsideration on April 9, 2024. AR 119, 136, 140. A hearing before the ALJ was held on October 28, 2024. AR 36.

At the hearing, Plaintiff appeared along with counsel and testified. Regarding his mental health, Plaintiff testified about his long history of anxiety, ADHD, PTSD, depression, paranoia, and substance use. He has repeatedly struggled to keep jobs because he could not keep up with assignments; he frequently strayed off-task and forgot instructions; stressful situations that arise in the workplace overwhelmed him; and he had feelings of paranoia concerning his co-workers. AR 43–44 (community garden), 64–65 (Ace Hardware), 65 (Petco), 65–66 (other cashier jobs). Stressful situations trigger his PTSD and result in flashbacks to traumatic events in his life, and insomnia prevents him from maintaining a regular sleeping schedule. AR 45. He relies on his parents for paying bills, remembering appointments and medications, preparing meals, and completing household tasks. AR 47–51. He earned a high school diploma in 2016, but he was getting one-on-one support in every subject and had an Individualized Education Program since around the second grade. AR 55, 68.

Plaintiff also testified about his relationship with marijuana use. Marijuana helps him regulate his sleeping habits, improve his appetite, and slow down his thoughts. AR 51. Growing up, prescription medications for his ADHD had adverse effects on his mental health symptoms and appetite, so now he prefers self-medicating with marijuana, and he only uses prescription drugs as needed. AR 51–52, 59, 67. Plaintiff attended marijuana anonymous prior to the disability onset date, during which he was sober for 90 days. AR 67. During that period of sobriety, his mental health symptoms worsened: his thoughts were more erratic; his intrusive thoughts increased; and his anxiety intensified "ten-fold." AR 67–68. There are no periods in the record of sobriety from marijuana after the disability onset date. AR 61.

The ALJ issued her decision on February 27, 2025, which determined that Plaintiff was not disabled under the Social Security Act. AR 14. The ALJ performed the required five-step analysis. *See* 20 C.F.R. §§ 404.1520, 416.920.

At step one, the ALJ determines whether the claimant has engaged in substantial gainful activity. *See* 20 C.F.R. §§ 404.1520(b), 416.920(b). Here, the ALJ determined that Plaintiff has not engaged in substantial gainful activity since March 1, 2019. AR 20.

At step two, the ALJ determines whether the claimant has a severe impairment, or combination of impairments, that significantly limits the claimant's physical or mental ability to perform basic work activities. *See* 20 C.F.R. §§ 404.1520(c), 416.920(c). Here, the ALJ determined that Plaintiff has the following severe impairments: depression, PTSD, ADHD, anxiety disorder, and cannabis dependence. AR 20.

At step three, the ALJ determines whether the severity of claimant's impairment or combination of impairments meets or medically equals the criteria of any listed impairments. *See* 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d). Here, the ALJ determined that Plaintiff's impairments do not meet or equal any listed impairment. AR 20. The ALJ found that Plaintiff has a moderate restriction in understanding, remembering, and applying information; a moderate restriction in interacting with others; a moderate restriction in concentrating, persisting, or maintaining pace; and a moderate restriction in adapting or managing oneself. AR 20–21.

At step four, the ALJ determines the claimant's residual functional capacity ("RFC") to still perform past relevant work. The RFC describes what the claimant can still do despite his physical, mental, and other limitations. *See* 20 C.F.R. §§ 404.1545(a), 416.945(a). Here, the ALJ determined that Plaintiff had the RFC to:

> perform a full range of work at all exertional levels but with the following nonexertional limitations: The claimant would occasionally forget even simple job instructions. The claimant should not be required to work with the general public as a part of the job. The claimant could deal with occasional changes in the work setting.

AR 21.

At step five, the ALJ determines whether the claimant can engage in other types of substantial gainful work that exists in the national economy based on the claimant's RFC, age, education, and work experience. *See* 20 C.F.R. §§ 404.1520(g), 416.920(g). Here, based on hypotheticals from the vocational expert testimony, the ALJ determined that no jobs existed in significant numbers in the national economy that Plaintiff could have performed; therefore, the ALJ



United States District Court
Northern District of California

found that Plaintiff was disabled. AR 23–24.

However, after removing the substance use disorder,[3] the ALJ determined that Plaintiff is not disabled. The ALJ found that the remaining impairments would still "cause more than minimal impact on the claimant's functioning, and therefore would be severe," but would not meet or medically equal a listed impairment. AR 24. The RFC formulation at step four changed, and the ALJ found that Plaintiff had the RFC to:

> perform a full range of work at all exertional levels but with the following nonexertional limitations: The claimant can understand, remember, and carry out simple instructions for extended periods. The claimant should not be required to work with the general public as a part of the job. The claimant can deal with occasional changes in the work setting.

AR 25–26. At step five, the ALJ determined that Plaintiff could perform light, unskilled work, such as assembler, small parts assembler, and subassembler. AR 29. Therefore, the ALJ found that Plaintiff is not disabled. AR 29. Based on this analysis, the ALJ concluded that the substance use disorder was a contributing factor material to the disability determination because the ALJ found that Plaintiff would not be disabled if he stopped the substance use. AR 29.

Plaintiff appeals.

## II. LEGAL STANDARD

The Social Security Act limits judicial review of the Commissioner's decisions to final decisions made after a hearing. 42 U.S.C. § 405(g). The Commissioner's findings "as to any fact, if supported by substantial evidence, shall be conclusive." *Id.* A district court has limited scope of review and can only set aside a denial of benefits if it is not supported by substantial evidence or if it is based on legal error. *Flaten v. Sec'y of Health & Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995). The phrase "substantial evidence" appears throughout administrative law and directs courts in their review of factual findings at the agency level. *See Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept

---

[3] "An individual shall not be considered to be disabled . . . if alcoholism or drug addiction would (but for this subparagraph) be a contributing factor material to the Commissioner's determination that the individual is disabled." 42 U.S.C. § 423(d)(2)(C).

United States District Court
Northern District of California

as adequate to support a conclusion." *Id.* at 1154 (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *see also Sandgathe v. Chater*, 108 F.3d 978, 979 (9th Cir. 1997). "In determining whether the Commissioner's findings are supported by substantial evidence," a district court must review the administrative record as a whole, considering "both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998). The Commissioner's conclusion is upheld where evidence is susceptible to more than one rational interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). However, courts "review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which [s]he did not rely." *Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014).

## III. DISCUSSION

The Commissioner concedes that the ALJ erred in the materiality determination and the analysis of the medical opinions after removing the substance use disorder, and he seeks remand for further administrative proceedings. Commissioner's Br. 1, Dkt. 19. Plaintiff seeks remand with an instruction for the payment of benefits. Pl.'s Reply 1, Dkt. 20.

### A. Remedy

"When the ALJ denies benefits and the court finds error, the court ordinarily must remand to the agency for further proceedings before directing an award of benefits." *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017). While "[t]he decision whether to remand a case for additional evidence, or simply to award benefits is within the discretion of the court," the district court may not order the payment of benefits "[u]nless the district court concludes that further administrative proceedings would serve no useful purpose." *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987); *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015). The court must "review the record as a whole and determine whether it is fully developed, is free from conflicts and ambiguities, and 'all essential factual issues have been resolved.'" *Dominguez*, 808 F.3d at 407 (quoting *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014)).

Here, remand for further proceedings is the appropriate remedy because of ambiguities and conflicts within and amongst the medical opinions. While the ALJ's reasoning may not have been

based on substantial evidence, which is a question no longer before this court, the standard to order an award of benefits is higher.

In his Reply, Plaintiff argues that the Commissioner waived any challenge to Plaintiff's claim that the ALJ erred in the materiality finding of the substance use disorder by not addressing the materiality finding in the Commissioner's Brief, such that an award of benefits is proper. However, both the materiality finding and whether the remaining impairments would lead to a finding of disability necessarily involve analyzing the medical opinions, which the Commissioner does address. *See* AR 26–28; Commissioner's Br. 4–6.

**1. Dr. Chandler**

The ALJ failed to acknowledge or explain conflicting statements in Dr. Chandler's report, which are more appropriately addressed by the ALJ on remand.

Dr. Chandler, Ph.D., performed a psychological disability evaluation in April 2023. AR 1525. The ALJ relied heavily on Dr. Chandler's report in determining Plaintiff's RFC after removing the substance use disorder. AR 26–27. For instance, the ALJ noted that "Dr. Chandler observed a variety of . . . abnormalities, but also observed adequate hygiene; full orientation; good eye contact; clear and coherent speech; social reciprocity; logical thought content; a cooperative attitude; normal work pace; and adequate effort." AR 26–27. Dr. Chandler's examination also "revealed evidence of deficiencies in the areas of processing speed and organization skills. However, the claimant's scores also suggested the claimant's general intellectual functioning was in the average to low average range." AR 27. The ALJ relied on this information to discredit Plaintiff's "allegation of totally disabling symptoms and functional limitations, particularly given his improved functioning during the periods in which he is clean and sober." AR 27.

First, the ALJ did not explain what portion of Dr. Chandler's opinion supports the conclusion that Plaintiff has improved functioning during periods of sobriety. Indeed, Dr. Chandler's report stated that Plaintiff "denied any history of drug or alcohol abuse," which conflicts with the ALJ's own impairments findings and Plaintiff's testimony. AR 1526; *see also* AR 61 (ALJ acknowledging that there are no periods in the record of sobriety from marijuana after the disability onset date). Second, Dr. Chandler's opinions conflict with the ALJ's conclusions based on Dr. Chandler's report.

Dr. Chandler opined that Plaintiff "is likely to have difficulty remembering even simple job instructions, not due to memory problems, but rather due to poor concentration and inattention" and that Plaintiff "had moderate difficulty interacting appropriately with this examiner . . . [, so] in a less structured setting, the claimant may have moderate to marked difficulty relating and interacting with supervisors and coworkers." AR 1528. But the RFC formulation after removing the cannabis dependance stated that Plaintiff "can understand, remember, and carry out simple instructions for extended periods." AR 25–26. And third, the ALJ did not explain how the evidence of Plaintiff's higher functional abilities in a structured medical setting is transferable to more stressful work environments. See *T.N. v. Kijakazi*, No. 20-CV-04946-TSH, 2021 WL 4553581, at *9 (N.D. Cal. Oct. 5, 2021) ("[T]he fact that, in a structured clinical environment, with a trained mental health professional, [p]laintiff was able to make good eye contact, was cooperative, and put forth adequate effort on testing" does not mean "that [p]laintiff would be able to interact appropriately with coworkers and supervisors in the entirely different context of a full-time mandatory work environment."); *see also L.M. v. Kijakazi*, No. 22-CV-04729-VKD, 2023 WL 6308073, at *13 (N.D. Cal. Sep. 27, 2023) (collecting cases). These issues with the ALJ's analysis of Dr. Chandler's opinion are more properly addressed by the ALJ on remand for further proceedings.

**2. Ms. Baumeister**

While there do not appear to be conflicts within the records from Ms. Baumeister, remand for further proceedings is appropriate. Ms. Baumeister is Plaintiff's treating therapist. AR 1728–31, 1748–49. The ALJ failed to analyze Ms. Baumeister's Mental Impairment Questionnaire from October 16, 2023, *see* AR 28, 1529–36, in light of her report submitted in lieu of her psychotherapy notes, *see* AR 1748–49, which is based on her observations from over ninety individual and family therapy sessions. Reassessing the persuasiveness of Ms. Baumeister's opinion is more properly addressed by the ALJ than this court.

On remand, the absence of Ms. Baumeister's treatment notes cannot be a reason to discredit her medical opinion according to the Administration's own instructions for mental health care professionals. *See* Social Security Administration, Fact Sheet for Mental Health Care Professionals: Supporting Individuals' Social Security Disability Claims, Pub. No. 64-103 (January 2008),



United States District Court
Northern District of California

United States District Court
Northern District of California

https://www.ssa.gov/disability/professionals/mentalhealthproffacts.htm. As Plaintiff suggests, if the ALJ requires these psychotherapy notes to make her decision, then the ALJ can subpoena the records. Pl.'s Br. 22, Dkt. 15 (citing *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001)).

**3. Dr. Posey**

The ALJ also failed to acknowledge or explain conflicting statements in Dr. Posey's opinion. Dr. Posey, Psy.D., is a State agency medical consultant who evaluated Plaintiff's claims at the initial stage. *See* AR 74–93. The ALJ credited Dr. Posey's conclusion that Plaintiff "would work best in a low-stress environment with predictable, simple work tasks and with minimal social contact with others," based on Dr. Posey's note that Plaintiff shows "otherwise mostly normal mental functioning and improvement in the claimant's symptoms with treatment." AR 27. However, Dr. Posey's opinion contained conflicting and ambiguous statements that the ALJ does not address and that tend to undercut the ALJ's conclusions. For instance, Dr. Posey noted that a finding of "moderate to marked functional limitations . . . [is] overly restrictive given [Plaintiff's] intact functional abilities and lack of cooperation with treatments." AR 84–85. This statement is ambiguous because nowhere does Dr. Posey explain which "intact functional abilities" she refers to. Dr. Posey wrote that Plaintiff "is able to perform all of his activities of daily living." AR 84. However, the very next sentence observed that Plaintiff "appeared unkempt." AR 84; *see also* AR 47–51 (Plaintiff testifying that he relies on his parents for paying bills, remembering appointments and medications, preparing meals, and completing household tasks). Additionally, Dr. Posey did not identify her basis for concluding that Plaintiff's functional limitations would improve if Plaintiff cooperated with treatments, particularly considering that she noted that he "adamantly refuses being on any routine psychotropic agent." AR 84; *see also* AR 51–52, 59, 67 (Plaintiff testifying that he prefers avoiding prescription drugs to treat his mental health symptoms because of adverse effects on his mental health and appetite). Again, the ALJ is better situated to address these conflicting and ambiguous statements in Dr. Posey's opinion.

**4. Dr. Genece**

Lastly, the ALJ did not address ambiguities in Dr. Genece's opinion. Dr. Genece, Psy.D., is a State agency medical consultant who evaluated Plaintiff's claims at the reconsideration stage. *See*

AR 96–106, 108–18. Dr. Genece reviewed Dr. Posey's determination and agreed that Plaintiff was "able to sustain [concentration, persistence, and pace] for simple work related tasks over a normal workweek[;] . . . [could] relate to supervisors, coworkers but would require limited public contact[;] . . . [and could] adapt to simple changes." AR 104 (sic). None of these conclusions reference any specific medical evidence or other medical opinions, so it is difficult to assess why the ALJ found the opinion to be so credible considering its ambiguities.

Furthermore, the ALJ found Drs. Posey and Genece's opinions consistent with Dr. Chandler's opinion, and the ALJ used this finding as a basis to conclude that Drs. Posey and Genece's opinions were persuasive. However, Dr. Chandler's opinion supported a finding of disability and stated, among other things, that Plaintiff would "have difficulty remembering even simple job instructions" and "have moderate difficulty adapting to changes in routine work settings." AR 1528. Unexplained conflicts between the medical opinions are best resolved by the ALJ on remand.

**B. Scope of Further Proceedings**

Plaintiff argues that the scope of further proceedings on remand should be limited to those issues raised in his appeal. Pl.'s Reply 4–6. The Commissioner requests a *de novo* hearing. Commissioner's Br. 6–7.

"[A] plaintiff's complaint defines the scope of remand in a social security case, and the federal courts do not have jurisdiction to consider requests by the Commissioner to review other portions of his own decision." *G.M. v. Comm'r of Soc. Sec.*, No. 24-CV-07614-LJC, 2026 WL 874687, at *4 (N.D. Cal. Mar. 30, 2026) (citing *Brown v. Kijakazi*, 11 F.4th 1008, 1009 (9th Cir. 2021)). "The Commissioner . . . cannot sue himself, and so the [Social Security Act] does not provide him a cause of action to challenge the portions of his own decision that are favorable to the claimant." *Brown*, 11 F.4th at 1009.

Upon remand, the scope of the administrative proceedings is limited to the errors appealed by Plaintiff, *i.e.*, the materiality determination and the analysis of the medical opinions after removing the substance use disorder. Any of the ALJ's determinations that favor Plaintiff, such as the RFC formulation and disability finding based on including the substance use disorder, were not

United States District Court
Northern District of California

challenged in Plaintiff's Brief and therefore do not warrant a *de novo* hearing as requested by the Commissioner. Allowing the Commissioner to expand the scope of the requested relief would create "an unfair 'heads we win; tails, let's play again' system of disability benefits adjudication." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004). And no court has read *Brown* as narrowly as the Commissioner suggests. *See G.M.*, 2026 WL 874687, at *6 (collecting cases). Nor does the Ninth Circuit's unpublished and non-precedential decision in *Velazquez v. Bisignano*, No. 24-3034, 2025 WL 2437493 (9th Cir. Aug. 25, 2025), alter the principle reflected in *Brown*. *See G.M.*, 2026 WL 874687, at *7 n.5 (collecting cases and explaining how *Velazquez* does not "undermine[] or limit[] the holding of *Brown*"). The scope of further proceedings is limited to the errors appealed by Plaintiff.

## IV. CONCLUSION

For the reasons stated above, the decision of the ALJ is **REVERSED**, and this case is **REMANDED** for further proceedings consistent with this Order. A separate judgment shall issue.

**IT IS SO ORDERED.**

Dated: October 27, 2026

ROBERT M. ILLMAN
United States Magistrate Judge